IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, ) Docket No. 20 CR 734-1
)
Government, )
)
-vs- )
) Chicago, Illinois
ANDREW BOLTZ, ) June 30, 2021
) 1:00 o'clock p.m.
Defendant. )

TRANSCRIPT OF PROCEEDINGS - Motion
BEFORE THE HONORABLE JOHN ROBERT BLAKEY

APPEARANCES:

For the Government: UNITED STATES ATTORNEY'S OFFICE
BY: MS. KAVITHA J. BABU
219 South Dearborn Street
Suite 500
Chicago, Illinois 60604

For the Defendant: LEINENWEBER BARONI & DAFFADA LLC
BY: MR. THOMAS MORE LEINENWEBER
120 North LaSalle Street
Suite 2000
Chicago, Illinois 60602

LAURA LACIEN, CSR, RMR, F/CRR
OFFICIAL COURT REPORTER
219 South Dearborn Street
Room 1212
Chicago, Illinois 60604
(312) 408-5032

(The following proceedings were had in open court:)

COURTROOM DEPUTY: 20 CR 734-1, USA versus Andrew Boltz.

THE COURT: Appearance on behalf of the government, please?

02:30PM

MS. BABU: Good afternoon, your Honor. Kavitha Babu on behalf of the United States.

THE COURT: Appearance on behalf of the defense counsel?

02:30PM

MR. LEINENWEBER: Good afternoon, Judge. Tom Leinenweber on behalf of the defendant who is sitting at counsel table.

THE COURT: The defendant is present and in court in custody. Thank you for your patience. I know there's

02:30PM

family members here as well. Thank you for your patience.

Counsel, there's a motion to withdraw. Mr. Boltz, have you had an opportunity to see the motion to withdraw?

THE DEFENDANT: I've heard it discussed by one of my consultants.

02:30PM

THE COURT: Okay. I understand there's been a lot of motions filed by your parents. Your parents are not licensed to practice law. Is that the case?

THE DEFENDANT: That's correct.

THE COURT: All right. You realize that the law

02:31PM

does not allow a layperson to act as a represent -- a

representative in court, you understand that, right?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Do you want to continue with this attorney? This is a great attorney, by the way. He's one of the best in the building but it's up to you to decide if you want to work with him or not. He's made a motion to withdraw. And if he withdraws, you have two options: One is either you represent yourself, in which case I would have to have a hearing to make sure that you're able to make that decision and I would have to ask you some questions to make sure you understood how dangerous that is to represent yourself, or whether or not you intend to get another attorney. My understanding from looking at the record is that your parents are attempting to find an attorney for you.

THE DEFENDANT: That's correct.

THE COURT: Okay. Do you want me to allow this attorney to withdraw and then continue the case so that you can have an opportunity to get a new attorney, is that what you want me to do?

THE DEFENDANT: If you would, your Honor.

THE COURT: Okay. I will do that. How long do you need to find a new attorney?

THE DEFENDANT: Should be roughly by the end of July, I should say.

02:32PM

THE COURT: End of July, okay. It takes a little bit longer than you think because even if you find them, sometimes they -- you have to work out whatever arrangement it is --

THE DEFENDANT: Yes, financial.

THE COURT: -- and then they have to file an appearance. They're going to have to meet with your old counsel because even though I release him, he's going to have to meet with your new attorney to make sure they have whatever discovery they need. The new attorney would also have to talk to the government and then they can come into court. There's no sense bringing me into court when they haven't had an opportunity to get up to speed on the case.

So if I grant the motion to withdraw -- which is Docket Entry 59, Gloria -- we would set the case over for the end of August, beginning of September. Is that what you want me to do?

THE DEFENDANT: That's fine, your Honor.

THE COURT: All right. Gloria, can you see what status we could have available in the end of August, the beginning of September sometime?

COURTROOM DEPUTY: Wednesday, September 8th at 1:00 p.m.

THE COURT: Is that good for the government?

MS. BABU: Your Honor, if I may have a moment. I

have co-counsel on this case. I will be in a long trial beginning in September. If I can just check with him.

THE COURT: Yes, please do.

MS. BABU: Thank you.

(Brief pause.)

MS. BABU: Your Honor, that's fine for the government.

THE COURT: Okay. Is there a motion to exclude time?

MS. BABU: There is a motion to exclude time, your Honor, through that date of September 8th to allow for continuity of counsel, the production of discovery to new counsel, and the review of that discovery.

THE COURT: Any objection, counsel?

MR. LEINENWEBER: No, Judge.

THE COURT: Oral motion to exclude time is granted. The Court finds the ends of justice are served by the continuance and outweigh the interests of the public and the defense in a speedy trial based upon a reasonable time necessary for effective preparation by counsel taking into account the exercise of due diligence.

In the interest of justice, time is excluded from today's date through and including September 8th for the review of discovery, continuity of counsel, the new counsel to come in and to get up to speed on the case. Docket Entry

59 is going to be granted. Mr. Leinenweber is going to be permitted to withdraw. I'm going to ask counsel that you -- as an officer of the court, you meet with new counsel as soon as they file an appearance --

02:34PM MR. LEINENWEBER: Certainly, Judge. I'll be happy to do that.

THE COURT: -- and give them whatever materials they need.

MR. LEINENWEBER: I can turn over --

02:34PM THE COURT: Anything else on behalf --

MR. LEINENWEBER: Oh, I'm sorry.

THE COURT: Go ahead, counsel.

MR. LEINENWEBER: I did turn over the discovery to Kavitha today that I received from the government.

02:34PM THE COURT: Excellent. Okay.

MR. LEINENWEBER: But I'm happy to meet with whoever the attorney is.

THE COURT: Thank you so much. Anything else to address on behalf of the government?

02:34PM MS. BABU: No, your Honor.

THE COURT: All right. There are family members here today. I know there's pending motions. You're not allowed to represent anyone in court; but if you want to talk to me right now -- counsel, if you could just move away from the podium -- if you want to step up, I'll answer any

02:34PM

questions that I'm able to answer if anyone wants to talk to me. Yeah, come on up.

(Brief pause.)

THE COURT: Good afternoon, sir. Thank you for your patience. My other case went a little bit long. What is your name?

MR. KINTER: My name is Brian Kinter. I'm the father of Andrew Boltz.

THE COURT: Okay. Do you understand how the -- that I can't allow you to represent him as an attorney?

MR. KINTER: I do understand that --

THE COURT: Okay.

MR. KINTER: -- your Honor, and that's --

THE COURT: Okay. I'm going to give you all the time you need to get him an attorney. What efforts have you made to get an attorney so far?

MR. KINTER: Well, we've talked with J.C. Ratliff. We've talked with probably 15 different attorneys. We have one right now, Robert Ritacca, that we're considering if we can work out the financial arrangements for him to be brought in.

Robert suggested to us that we come to the hearing today because he said, you know, you've got to see what the Judge says about getting Andrew out on a precondition release because he said, you know, it's crazy that Andrew is labeled

as a flight risk when there's no evidence that Andrew is a flight risk.

THE COURT: All right. As soon as that attorney gets in place, I'm going to allow him to file -- him or her to file whatever motions they need to, okay, including a motion for release. All right. So if -- as soon as they're in place, as a family member you're able to talk with the attorney. Now the attorney might not be able to share everything with you because the attorney represents the defendant and not you so they're going to have private conversations, that's part of the process, but you're able to talk with that attorney and you could say what about a motion for release, what about a motion for this, what about a motion for this, and then the attorney is going to have to talk with the defendant because ultimately, whether or not that motion can be filed, it has to come out of the defendant and the attorney's conversation. So all I can say to you is go ahead and talk with that attorney and raise whatever concerns you have. Okay?

MR. KINTER: But Andrew could go forward on a -- as a pro se litigant and have a Faretta hearing?

THE COURT: He could go forward on a -- as a pro se litigant but I would have to make a finding that he waived the right to counsel and during that process, I would explain to him how difficult it is to represent one's self without

legal training. I would have to set it over for another hearing to do that and he would have to decide that he wants to fight this case without the benefit of an attorney, which I've never -- in my 30-plus years of experience, I've never seen that go well but that's something he would have to decide to do. You could not make that request for him. Okay?

MR. KINTER: Okay.

THE COURT: Do you have any other questions for me, sir?

MR. KINTER: Yeah. I'd like to find out what conditions do have to be met for, one, for us to get some documents signed by Andrew concerning his vehicle, concerning his children, being able to resolve those issues so that his mother can attend to the children and get a power of attorney in case of a medical emergency. I would like to address the issue of whether or not Andrew would be eligible for precondition release based upon the *Kutry* (phonetic) decision so I'm just trying to understand whether or not there's anything that can be done for Andrew to have pretrial release and we're willing to do whatever is necessary, your Honor --

THE COURT: Okay.

MR. KINTER: -- to ensure Andrew's appearance.

THE COURT: When the new attorney -- when you work out whoever the new attorney is and that person files an

appearance, they'll be able to address those concerns. The first thing they would be able to do is work out what's called a motion for release, pretrial release or a reconsideration of bond. I look at those all the time and sometimes I grant them, sometimes I deny them. It depends on the facts and the law. He or she could file that as soon as they're up to speed on the case. So as soon as they're in place, they can go ahead and file that motion. When they file the motion, they would call my Courtroom Deputy and then we would set it for a hearing. The government would have an opportunity to respond. And then if we need evidence, we would take evidence.

With respect to signing documents to address personal affairs, the attorney would be able to meet, including in person, with the defendant and if there are documents he needs to sign to help things while he's in custody, your attorney could handle that as well.

MR. KINTER: Okay. And what happens, your Honor, if we can't afford an attorney? And then what I don't understand is that, you know, because -- it's just an appearance that if there's no money, you can't really obtain justice and I'm sitting here -- because I'm looking at the James Josh Duggar case and I'm saying here's a man with two prior convictions and he's out within three days of being charged with the very same crime that my son is and yet he

gets out on an ankle monitor and he had two prior convictions.

So I'm at a loss as why it is that my son -- is it because of his economical status or -- why does he sit in a jail cell with no prior criminal record, no history of anything and he has a number of allegations levied against him but he has nothing. And there's also a presumption of innocence until proven guilty.

THE COURT: Yes. All right. Couple of things. You raised a couple things. Let me address each of them in turn. The first thing, if he can't afford an attorney, I will appoint one to him at no cost to him. He has a right under the law to be represented by counsel and the attorneys that I appoint, which is under what's called the Criminal Justice Act, those are great attorneys. So if you're not able to work out an agreement to have that attorney make an appearance for the defendant, then you'd call my courtroom -- or let my Courtroom Deputy -- let the government know, let your -- let old counsel know -- probably the best way to do it is to let old counsel know and he will call my Courtroom Deputy and then I can make contact with the Defender's Office to either have a public defender or a Criminal Justice attorney -- a CJA attorney who is a private attorney working at the government's expense -- would make and file an appearance for you. So if you can't hire an

attorney, then you get an attorney anyway. All you got to do is let Mr. Leinenweber know, he'll reach out to my Courtroom Deputy and we'll get that process happening; and that doesn't take more than a couple days so that's a very quick process. Hang on a second.

You also indicated whether or not a person is entitled to bond with no priors. Sometimes they are; sometimes they aren't. The presumption of innocence describes the burden of proof that the government has and that presumption of innocence as to the defendant stays with him at all times. But there are a variety, many defendants who even though they're presumed innocent are still detained because there's a statute that describes for the Court what they have to look at to determine whether or not a person is a risk of flight or a danger to the community. I have not made any ruling regarding his bond or not. What happened was when -- in this case, that was addressed by a Magistrate Judge.

If a motion to reconsider bond is filed, I make what's called a de novo review which means I look at it with a clean slate. I look at the hearing, the detention hearing that happened before, I look at the motion and the response and any other materials that I need to and I make an independent finding based on the facts and the law in the case.

Any other questions?

MR. KINTER: Now just for clarification purposes, you're directing me to go to Mr. Leinenweber who I've sent a number of emails and text messages to in regards to my son's case and got absolutely nothing back other than a statement that he represents my son -- and I'm fully cognizant of that fact -- but at the same time we're also cognizant of the fact that my son has two children that we have to get addressed. We have to address some of the things such as his vehicles and his house that was in foreclosure and I got no cooperation. So I would like to have it whereas I can call the Clerk with the name or -- if we cannot work out the arrangements with Mr. Ritacca --

THE COURT: Okay.

MR. KINTER: -- or private counsel --

THE COURT: Okay. All right. Let me stop you right there. Before you leave, my Courtroom Deputy will give you her phone number and you can call her directly, how about that?

MR. KINTER: I appreciate that.

THE COURT: All right. Thank you, sir.

MR. KINTER: Thank you.

THE COURT: All right. Anything else?

MR. LEINENWEBER: No, your Honor.

THE COURT: All right. Court's in recess. Oh,

wait a minute. I already excluded time, yeah. Court's in recess. Thank you, everyone.

MS. BABU: Thank you, Judge.

MR. LEINENWEBER: Thank you.

02:43PM (Proceedings concluded at 2:43 p.m.)

C E R T I F I C A T E

I hereby certify that the foregoing is a complete, true and accurate transcript of the proceedings had in the above-entitled matter before the Honorable John Robert Blakey at Chicago, Illinois, on June 30, 2021.

/s/*Laura LaCien* July 13, 2021
Official Court Reporter DATE