UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW BOLTZ | 20 CR 734<br><br>Hon. John Robert Blakey |

**GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE TO ADMIT RECORDS UNDER FEDERAL RULES OF EVIDENCE 803 AND 902**

The United States of America, by and through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby moves *in limine* (1) to admit certain records from Snapchat and Verizon pursuant to Federal Rules of Evidence 803(6) and 902(11); and (2) to admit certain public records from the Ohio Department of Public Safety Bureau of Motor Vehicles and State of Ohio Office of Vital Statistics, pursuant to Federal Rules of Evidence 803(8) and 902(4).

**I.     Motion to Admit Business Records Under Rule 803(6) and Rule 902(11)**

The government moves this Court to find, pursuant to Rule 104, that records from Snapchat and Verizon are self-authenticating and hearsay-exempt business records within the meaning of Rules 902(11) and Rule 803(6). *See, e.g.*, *United States v. Kasvin*, 757 F.2d 887, 893 (7th Cir. 1985) (affirming trial court's preliminary determination pursuant to Rule 104 that business records were admissible pursuant to Rule 803(6)). Admission of these documents through a Rule 902(11) certification will save the parties, the Court, and the jury members significant time and resources, as the certifications will obviate the need for testimony from several custodian

witnesses. This evidence is relevant to show communications between the defendant and Victim A via Snapchat and telephone.

Under Federal Rule of Evidence 902(11), certified copies of domestic business records are self-authenticating if the party offering the records provides the adverse party written notice and allows the adverse party to inspect the exhibit and certification, allowing the party to challenge the authenticity of the records.[1] Rule 902(11) deems records self-authenticating if the records meet the requirements of Rule 803(6)(A)-(C), which in turn requires the following conditions:

(A) the records was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness.

The Seventh Circuit has consistently upheld the admission of business records through business records certifications, pursuant to Rules 803(6) and 902(11). *See, e.g., United States v. Green*, 648 F.3d 569, 580-81 (7th Cir. 2011); *United States v.*

---

[1] This motion constitutes written notice that the government intends to rely on record certifications under the aforementioned rules for the following records: Verizon subscriber information and toll records for the cell phone ending in 8572; Verizon cell site records for the cell phone ending in 8572; Snapchat full return for boltzsr98 Snapchat account, including subscriber records; OH Bureau of Motor Vehicle records for Andrew Boltz and Jenise Boltz; and Ohio Office of Vital Statistics birth certificates for defendant's children.

*Klinzing*, 315 F.3d 803, 809-10 (7th Cir. 2003) (holding that admission of pre-certified business records under Rules 803(6) and 901(11) does not violate the Confrontation Clause because the records have "sufficient guarantees of reliability"); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006) (Seventh Circuit upheld the admissibility records through the use of Rule 902(11) certifications in light of *Crawford*).

Here, the government intends to introduce the following records, which have been produced to defense counsel, through records certifications:

1. Subscriber information and toll records for the cellular phone ending in 8572, provided by Verizon in response to an FBI subpoena and cell site records provided by Verizon in response to a search warrant (Dkt. No. 107). Copies of the certifications related to these records from Verizon are attached as Exhibits 1 (for subscriber and toll records) and 2 (for cell site records).

2. Snapchat search warrant return for the boltzsr98 Snapchat account (including subscriber records), provided by Snapchat in response to a search warrant from the Circuit Court of LaSalle County, Illinois. A copy of the certification related to these records from Snapchat is attached as Exhibit 3.

Because the business records from these entities, and their accompanying certifications, fall under Rules 902(11) and 803(6), the government respectfully requests that this Court find, under Rule 104, that the identified business records are self-authenticating. Before trial, to the extent the government receives additional certifications and provides them to the defense, the government may request that the Court admit additional documents pursuant to Rule 902(11).[2]

---

[2] The government may decide to call witnesses from one or more of the identified businesses if the witnesses have additional information, beyond certification of the relevant records, that would be helpful to the jury's understanding of the records.

3

**II.     Motion to Admit Public Records Under Rule 803(8) and Rule 902(4)**

The government also moves to admit (1) Ohio Department of Public Safety Bureau of Motor Vehicles ("Ohio BMV") driver's license records associated with the defendant and his mother, including their names, photographs, and listed addresses, and the age of defendant, and (2) State of Ohio Office of Vital Statistics certifications of birth for defendant's minor children, as admissible public records under Rule 104. Again, admitting such documents under Rule 104 will save the parties, the Court, and the jury members time and resources at trial. This evidence is relevant to establish that the defendant was the user of the Snapchat account and phone number used to communicate with Victim A in this case.

   **A.     The Records are Public Records Under Rule 803(8)**

Under Rule 803(8), a public record is not excluded by the rule against hearsay when it sets out "a matter observed while under a legal duty to report." Fed. R. Evid. 803(8). The Ohio BMV records meet that definition. *United States v. Blunt*, No. 1:16-CR-050-2, 2017 WL 6527148, at *2 (M.D. Pa. Dec. 21, 2017) ("Blunt now concedes that the court was correct in overruling her hearsay objection as a driver's license is an admissible public record in accordance with Federal Rule of Evidence 803(8)."); *United States v. Kuzmenko*, No. 2:12-CR-00062 JAM, 2014 WL 1334003, at *3 (E.D. Cal. Apr. 3, 2014) ("Drivers' licenses are admissible under the public records exception to the rule against hearsay, pursuant to FRE 803(8)."). The Office of Vital Statistics birth certificates also meet this definition. *See United States v. Gonzalez*, No. 12-0482 PJH, 2012 WL 5835734, at *3 (N.D. Cal. Nov. 15, 2012) (concluding that

birth record falls under the hearsay exceptions for public records under Rule 803(8) and for public records of vital statistics under Rule 803(9)).[3]

## B. The Records are Self-Authenticating Under Rule 902(4)

As to self-authentication, Rule 902(4) states that a "copy of an official record" or "a copy of a document that was recorded or filed in a public office as authorized by law" is self-authenticating "if the copy is certified as correct by (A) the custodian or another person authorized to make the certification; or (B) a certificate that complies with Rule 902(1), (2), or (3)." Attached as Exhibit 4 is a certification from the Registrar of the Ohio Bureau of Motor Vehicles, which certifies that "a search has been made of the file and records of the Ohio Registrar of Motor Vehicles; that the attached documents are true and accurate copies of the files or records of the Registrar; and that the Registrar's official seal has been affixed in accordance with Ohio Revised Code (R.C.) 4501.34(A) . . . ." That statute provides that "[The Registrar] shall adopt a seal bearing the inscription: 'Motor Vehicle Registrar of Ohio.' The seal shall be affixed to all writs and authenticated copies of records, and when it has been so attached, such copies shall be received in evidence with the same effect as other public records. All courts shall take judicial notice of the seal."

Moreover, the birth certificates, which relate to minors, and which can be made available for the Court to review, state: "This is a true certification of the name and birth facts as recorded in the Office of Vital Statistics, Columbus, Ohio," along with a seal and signature:

---

[3] The birth certificates here are also admissible as a record of birth under Rule 803(9).

5



These certifications meet Rule 902(4)'s requirements. As a result, the Court should rule that the Ohio BMV records and Ohio Office of Vital Statistics records are admissible under Rule 104.

The government may supplement this request with additional records received in advance of trial.

                              Respectfully submitted.

                              MORRIS PASQUAL
                              Acting United States Attorney

By:    */s/ Edward A. Liva, Jr.*
        EDWARD A. LIVA, JR.
        ELLY PEIRSON
        Assistant United States Attorneys
        219 South Dearborn Street
        Fifth Floor
        Chicago, Illinois 60604
        (312) 353-5300